Filed 1/25/16  Estate of Ford CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| Estate of EVELYN I. FORD, Deceased. | |
| SUSAN FORD FRANTZICH, | F070917 |
| Petitioner and Appellant, | (Super. Ct. No. 14CEPR00536) |
| v. | |
| CASEY S. ROGERS, | **OPINION** |
| Objector and Respondent. | |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County.  Robert H. Oliver, Judge.

Garvey Schubert Barer, William J. Keeler, Jr. and Jennifer Fransen Gould, for Petitioner and Appellant.

Chielpegian Law Offices, Mark E. Chielpegian and Lee S.W. Cobb, for Objector and Respondent.

-ooOoo-

---

[*] Before Gomes, Acting P.J., Franson, J. and Peña, J.

Susan Ford Frantzich (Frantzich) appeals from an order of the probate court denying her petition for probate of a will of her mother, Evelyn I. Ford. On appeal, Frantzich claims the probate court erred by denying her petition without an evidentiary hearing. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Frantzich is one of three children of Eugene M. and Evelyn I. Ford. Eugene died on April 25, 1993, while Evelyn died on December 23, 2013.

On June 18, 2014,[1] Frantzich filed a Petition for Probate of Will and for Letters Testamentary of Evelyn's estate. Frantzich sought to admit to probate the following documents attached to the petition: Evelyn's July 7, 2009 typewritten will, which appears to have been prepared by an attorney and signed by two witnesses (the will); typewritten First, Second and Third Codicils, dated October 28, 2009, May 10, 2012, and March 14, 2013, respectively, all of which appear to have been prepared by an attorney and signed by two witnesses (the codicils); and a March 6, 2013 handwritten codicil, purportedly signed by Evelyn and witnessed by her caretaker (the handwritten codicil). While Frantzich acknowledged that the Third Codicil named Evelyn's grandson, Casey S. Rogers, as the executor, with the second nominee being James M. Bell and the third nominees being herself and her two sisters, she asked to be nominated as sole executor of the estate due to Rogers's and Bell's failure to act as executors. The probate court set a hearing on the petition for July 23.

On July 11, Rogers filed a competing Petition for Probate of Will and for Letters Testamentary of Evelyn's estate, in which he sought to admit into probate the will and codicils, but not the handwritten codicil. Rogers also sought to be appointed executor of

---

[1] References to dates are to the year 2014 unless otherwise stated.

the estate. A hearing on Rogers's petition was set for August 20. Rogers also filed an opposition to Frantzich's petition.[2]

Frantzich's attorney appeared telephonically at the July 23 hearing on Frantzich's petition. The probate court continued the hearing to August 20, to be heard at the same time as Rogers's petition.

Neither Frantzich nor her attorney appeared at the August 20 hearing, and the probate court denied Frantzich's petition. The probate court, however, granted Rogers's petition.[3] On August 20, the probate court issued a written order for probate, in which it (1) found that all notices required by law had been given, Evelyn died testate on December 23, 2013, and that Evelyn's July 7, 2009 will, and the First, Second and Third Codicils were admitted to probate by minute order on August 20; and (2) ordered Rogers be appointed executor. On August 25, the court clerk issued testamentary letters appointing Rogers as executor and authorizing him to administer the estate.

Frantzich appealed the order denying her petition, electing to proceed on an appellant's appendix, without designating transcription of any oral proceedings.

## DISCUSSION

Frantzich contends the probate court erred in summarily denying her petition and granting Rogers's petition. She argues that because competing petitions for probate were filed, the probate court was required to set an evidentiary hearing. She asserts that her petition constitutes an objection to Rogers's petition under Probate Code section 1043, subdivision (a),[4] and therefore the probate court was required to hold a hearing under

---

[2] According to the register of actions, the opposition was filed on July 11. Frantzich did not include the opposition in the appellant's appendix, and it is not part of the appellate record.

[3] The hearings on the petitions were not recorded.

[4] Section 1043, subdivision (a) provides: "An interested person may appear and make a response or objection in writing at or before the hearing."

3.

Probate Code section 1022.[5]  She asserts that had the probate court held an evidentiary hearing, she would have produced evidence that the handwritten codicil was a valid, holographic testamentary instrument, and the failure to hold a hearing prevented her from proving its authenticity.  Frantzich asks us to reverse the order denying her petition and remand for an evidentiary hearing.

It is not clear from the record the basis for the probate court's denial of Frantzich's petition.  In conducting our appellate review, we presume that a judgment or order of a lower court is correct.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown.'"]; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  We affirm the judgment or order as long as it is correct on any theory applicable to the case.  (*In re Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777.)

A party challenging a judgment or an appealable order "has the burden of showing reversible error by an adequate record."  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  "'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'"  (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; see *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 (*Hernandez* ) [record lacked copies of motion and opposition; issue resolved against appellant due to inadequate record].)  Thus, where the appellant fails to provide an adequate record as to any issue the appellant has raised on appeal, the issue must be resolved against the appellant.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296.)

---

[5] Section 1022 provides:  "An affidavit or verified petition shall be received as evidence when offered in an uncontested proceeding under this code."

4.

Here, Frantzich did not include Rogers's opposition to Frantzich's petition in the appellant's appendix. Without the opposition, "we cannot review the basis of the [probate] court's decision" and the issue must be resolved against Frantzich. (*Hernandez*, *supra*, 78 Cal.App.4th at p. 502.) The reasoning of *Hernandez* applies here, as we do not know what issues Rogers raised in his opposition which could support the probate court's ruling.

Moreover, the record we do have reveals an appropriate basis for the probate court to deny Frantzich's petition, as it shows that neither Frantzich nor her attorney appeared at the hearing on her petition. Even if a pre-probate will contest is pending, if a contestant fails to appear at a hearing on a petition to admit a will to probate, and fails to inform the probate court of the status of the contest or request a continuance of the hearing, the probate court may infer that the objection to probate has been resolved or the contestant has elected to treat the matter as a post-probate will contest. (*Estate of Horn* (1990) 219 Cal.App.3d 67, 72 ["As a general rule a probate court should not be required to act on its own motion to postpone a hearing on admitting a will to probate even when a petition contesting the will is in the probate file."].) Since Frantzich did not appear at the August 20 hearing, either individually or through her attorney, the probate court was well within its authority to deny Frantzich's petition on that basis alone and to admit the will and codicils to probate on Rogers's petition.

In sum, Frantzich has not satisfied her burden on appeal to show reversible error. Accordingly, we must affirm the order denying her petition.

## DISPOSITION

The order is affirmed. Costs on appeal are awarded to Rogers.